# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DWAYNE ELLIS,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM JOE SULLIVAN,<br><br>Respondent. | Case No. CV 18-10801-DFM<br><br>OPINION AND ORDER GRANTING MOTION TO DISMISS AND DISMISSING PETITION |

Dwayne Ellis ("Petitioner") initiated this action by filing what the Ninth Circuit Court of Appeals has deemed a Petition for Writ of Habeas Corpus by a Person in State Custody challenging his conviction. See Dkt. 1 ("Petition"); Dkt. 2. Respondent has moved to dismiss, arguing that the sole claim presented is not cognizable. See Dkt. 8 ("Motion to Dismiss"). Petitioner filed an opposition. See Dkt. 12. The Court agrees with Respondent that the Petition does not present a cognizable claim.[1]

In 1995, a jury convicted Petitioner of corporal injury to a cohabitant, and the trial court sentenced him as a three-strikes offender to twenty-five years to life. See Lodged Document ("LD") 1 at 1-2; LD 2 at 2. In 1998, Petitioner

---

[1] Both parties have consented to proceed before a United States Magistrate Judge. See Dkt. 7, 10, 11.

filed in this Court a habeas corpus petition, which was denied. See Ellis v. Maddock, Case No. 98-3628-R (RNB) (C.D. Cal.).

In 2012, Petitioner filed a petition for resentencing in Los Angeles County Superior Court under California's Proposition 36, which created California Penal Code § 1170.126. See LD 1 at 2. Section 1170.126 "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." People v. Yearwood, 213 Cal. App. 4th 161, 168 (2013). After a hearing, the Superior Court determined that Petitioner would pose an unreasonable risk of danger to public safety and denied his petition for resentencing. See LD 1. On appeal, the California Court of Appeal affirmed that order. See LD 2. The California Supreme Court denied review. See LD 4.

In October 2018, Petitioner applied to the Ninth Circuit Court of Appeals for leave to file a second or successive habeas petition. See Dkt. 1. The Ninth Circuit denied the application as unnecessary (because Petitioner had been resentenced) and transferred the proposed habeas petition to this Court. See Dkt. 2; see also Clayton v. Biter, 868 F.3d 840, 845 (9th Cir. 2017) (holding that habeas petitioner's challenge to denial of his § 1170.126 resentencing petition was not subject to the "second or successive" petition bar imposed by § 2244(b)(2)).

Petitioner's sole claim is that the trial court violated his due process rights by denying his petition for resentencing. See Petition at 3-6. Petitioner's claim pertains solely to the state court's interpretation and application of state sentencing law. As such, his claim his not cognizable. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010) ("[F]ederal habeas corpus relief does not lie for errors of

state law." (quoting Estelle v. McGuire, 502 U.S. 62, 67 (1991))); Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) (holding that state prisoner's challenge to trial court's exercise of discretion under state sentencing law fails to state a federal habeas claim); Hillard v. Kernan, No. 15-02361, 2017 WL 201612, at *11 (S.D. Cal. Jan. 17, 2017) (stating that relief petitioner sought under Proposition 36 is state law question that federal habeas court cannot review); Nelson v. Biter, 33 F. Supp. 3d 1173, 1176-78 (C.D. Cal. 2014) (concluding that petitioner's contention that he was entitled to resentencing under California Penal Code § 1170.126 did not present federal constitutional claim). Moreover, a habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996); see also Contreras v. Rackley, No. 17-0422, 2018 WL 1258234, at *2 (S.D. Cal. Mar. 9, 2018) (claim that petitioner was denied "due process" and "equal protection" by allegedly erroneous application of state sentencing law to find petitioner ineligible for resentencing under Proposition 36 did not raise cognizable federal habeas corpus claim).

Nonetheless, a state court's misapplication of state sentencing law may violate due process if a petitioner can demonstrate both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992) (citation omitted). Here, the Superior Court exercised its discretion in concluding that Petitioner would pose an unreasonable risk of danger to public safety and denied his petition for resentencing. Section 1170.126 provides for this exercise of discretion. The evidence showed that Petitioner had an extensive and violent criminal history, culminating in his beating a pregnant girlfriend. See LD 1 at 8-9. During his incarceration, he has received numerous rules violations reports, including for fights. See id. at 9-14. Petitioner argues

that these incidents occurred in the "remote" past, with the last rule violation report occurring in 2005. See Dkt. 12 at 4. The statute does not instruct the trial court to give recent years more weight than decades of violent behavior. Even if it did, the trial court's exercise of discretion by considering Petitioner's entire history rather than simply the most recent years would not be arbitrary and capricious.

    Petitioner has not shown that the trial court's exercise of discretion was based on a state sentencing error so arbitrary or capricious as to constitute a due process violation. Respondent's motion to dismiss is accordingly GRANTED. Let Judgment be entered denying the Petition and dismissing this action with prejudice.

Dated:  February 26, 2020

                                                                         DOUGLAS F. McCORMICK
                                                                         United States Magistrate Judge